UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PATRICIA BARTLETT-RUSK, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE,[1] )<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>Defendant ) | Cause No. 3:05-CV-663 RM |

OPINION ANDORDER

Patrician Bartlett-Rusk seeks judicial review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits under Titles II of the Social Security Act, 42 U.S.C. § 423.  The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g).  For the reasons that follow, the court affirms the Commissioner's decision.

Ms. Bartlett-Rusk applied for disability insurance benefits under 42 U.S.C. § 423 in2001, alleging disability as of December 31, 1997 due to seizures, constant headaches, and lightheadedness. Her application was denied initially, on reconsideration, and following an administrative hearing, at which she was represented by counsel. Ms. Bartlett-Rusk submitted additional evidence to the Appeals Council with her request for review. The Appeals Council considered the additional evidence (a March 4, 2005 letter from Dr. Deborah Stokes), and the

---

[1] Michael J. Astrue, the current Commissioner of Social Security, has been automatically substituted as the named defendant, pursuant to Fed. R Civ. P. 25(d)(1).

reasons Ms. Bartlett-Rusk disagreed with the ALJ's decision, and found that "this information d[id] not provide a basis for changing the Administrative Law Judge's decision." (A.R. 4-5). The Appeals Council denied the request for review, and the ALJ's decision became the final decision of the Commissioner of Social Security. 20 C.F.R. §§ 404.955 and 404.981; Fast v. Barnhart, 397 F.3d 468, 470 (7th Cir. 2005). This suit followed.

Ms. Bartlett-Rusk presents two issues for judicial review:  (1) whether remand is appropriate under sentence six of 42 U.S.C. § 405(g) for consideration of evidence she submitted after the ALJ issued his decision, and (2) whether remand is appropriate under sentence four of § 405(g) because of the manner in which the ALJ conducted the hearing and developed the record.

A case may be remanded under sentence six of 42 U.S.C. § 405(g) for consideration of additional evidence if the evidence is new and material and the claimant shows good cause for failing to submit the evidence in a prior proceeding. Perkins v. Chater, 107 F.3d 1290, 1296 (7th Cir. 1997). The new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and must have a reasonable possibility of affecting the outcome fo the administrative proceeding. *See* Johnson v. Apfel, 191 F.3d 770, 776 (7th Cir. 1999); Zaldivar v. Apfel, 81 F.Supp.2d 1353 (N.D. Ga. 2000), aff'd, 245 F.3d 795 (11th Cir. 2000).

The evidence in question is Dr. Deborah Stokes's March 4, 2005 letter opining that Ms. Bartlett-Rusk "has certainly been disabled during the period in

2

which she has been treating her," and that based on her review of the medical history reported by the claimant and past medical records, she believed "to a reasonable degree of medical certainty that Patricia Bartlett-Rus[k] has been unable to sustain gainful employment on a continuous basis since before June 30, 1999[,] with my best reasonable estimation of an onset date for disability being sometime in 1998."

Ms. Bartlett-Rusk contends that Dr. Stoke's letter is new, as evidenced by the date on the letter, and material to her claim. She asserts that it wasn't available at the time of the hearing because she assumed the ALJ would acquire it on his own; her attorney had less than 60 days between the time he was retained (December 15, 2003) and the hearing (February 11, 2004) to acquire it for her; and "[i]n the latter half of 2003 and first half of 2004, [Dr. Stoke's] did not have the time or inclination to engage in the type of charting review and report preparation outline in [her March 4, 2005 letter]." *See* Affidavit of Deborah Stokes, D.O. dated January 30, 2006 [Docket No. 7-4].

To the extent Dr. Stokes expresses an opinion about whether Ms. Bartlett-Rusk was disabled on or before June 30, 1999 (the date she was last insured for benefits), her opinion is not new. It's merely cumulative of the deposition testimony offered by her partner, Dr. Steven Posa —testimony Ms. Bartlett-Rusk obtained and presented at the hearing. Ms. Bartlett-Rusk acknowledges as much when she states in her reply that: "Plaintiff has now reinforced that bridge [the recorded statement of Dr. Steven Posar] with the opinion of Dr. Stokes." Ms.

3

Bartlett-Rusk could have requested a continuance of the hearing if she believed Dr. Stokes' testimony was material to her claim. She did not do so, and the reasons asserted in Dr. Stokes' affidavit for not providing a timely statement fall far short of a showing of good cause.

To the extent Dr. Stokes' letter might demonstrate that Ms. Bartlett-Rusk is currently disabled, and has been disabled since Dr. Stokes first started treating her in July 2002, it's not relevant or material to the disability determination. *See* Johnson v. Apfel, 191 F.3d 770, 776 (7th Cir. 1999); Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987). Ms. Bartlett-Rusk's insured status expired June 30, 1999; to be eligible for benefits, she had to establish that she was disabled on or before that date.

Dr. Stokes's March 4, 2005 letter is cumulative of evidence submitted and rejected at the hearing, and is not relevant or material to the extent it asserts disability as of July 2002 (three years after the date last insured and almost five years after the alleged onset date). Ms. Bartlett-Rusk has not established a reasonable possibility that the letter would affect the outcome of the proceedings, and has not established good cause for failing to present it earlier. Under the circumstances, remand is not warranted.

Ms. Bartlett-Rusk contends that remand is appropriate on the merits because the ALJ breached his duty to develop a full and fair record. Citing Sims v. Apfel, 530 U.S. 103 (2000); Thompson v. Sullivan, 933 F.2d 581, 585 (7th Cir. 1991). She cites as examples the ALJ's "curious" questioning of the claimant, his

4

limited questioning of the vocational expert, and his refusal to allow further cross-examination of the vocational expert regarding a section of the Dictionary of Occupational Titles (DOT) entitled "The Components of the Definition Trailer."

"Although a claimant has the burden to prove disability, the ALJ has a duty to develop a full and fair record." Smith v. Apfel, 231 F.3d 433, 437 (7th Cir. 2000); *see also* Nelson v. Apfel, 131 F.3d 1228, 1235 (7th Cir. 1997); Thompson v. Sullivan, 933 F.2d 581, 585 (7th Cir. 1991). When, as here, the claimant was represented by counsel, she "is presumed to have made [her] best case before the ALJ." Skinner v. Astrue, ___ F.3d ___, 2007 WL 677229 (7th Cir. Mar. 7, 2007); Sears v. Bowen, 840 F.2d 394, 402 (7th Cir. 1988); Glenn v. Secretary of Health and Human Services, 814 F.2d 387, 391 (7th Cir. 1987). Ms. Bartlett-Rusk nevertheless asserts that the ALJ's failure to question her, and the vocational expert, more thoroughly warrants a remand. The court cannot agree.

Ms. Bartlett-Rusk contends that the hypothetical question the ALJ posed to the vocational expert to determine whether there were jobs available that she could still perform "flies in the face of" SSR 96-9p because it didn't specifically identify the frequency of the need to alternate sitting and standing, or take into account SSR 83-12.[2] She also contends the ALJ's refusal to allow further cross-examination of the vocational expert regarding the DOT's definition of the physical

---

[2] Ms. Bartlett-Rusk quotes SSR 83-12 for the proposition that an individual who requires a sit/stand option "is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work."

5

exertion requirements for light and sedentary work violated her right under 5 U.S.C. 556(d) "to conduct such cross-examination as may be required for a full and true disclosure of the facts." She contends that had her attorney been allowed to proceed with his cross-examination, the point that would have been made was that the vocational expert's testimony about the type of work the individual in the ALJ's hypothetical could perform conflicted with the DOT's definition of "standing," "walking," and "sitting."

While the ALJ limited cross-examination with respect to definitions contained in "The Components of the Definition Trailer" section of the DOT, and did not specifically identify the frequency of the need to alternate sitting and standing in his hypothetical, he did not limit counsel's right to question Ms. Bartlett-Rusk, prohibit him from posing his own hypothetical to the vocational expert, or foreclose argument on the issue of whether the vocational expert's testimony conflicted with the DOT. The ALJ simply requested that the issue be briefed in writing. Ms. Bartlett-Rusk contends in her reply brief that the ALJ's failure to consult a medical advisor to assist him in determining an onset date establishes an omission warranting remand, but concedes that she presented her own medical advisor, Dr. Posar, for that specific purpose. The court presumes that Ms. Bartlett-Rusk "made [her] best case before the ALJ," Skinner v. Astrue, __ F.3d __, 2007 WL 677229 (7th Cir. Mar. 7, 2007); Sears v. Bowen, 840 F.2d at 402; Glenn v. Secretary of Health and Human Services, 814 F.2d at 391, and

concludes from it's review of the record that the ALJ adequately developed a full and fair record.

For the foregoing reasons, Ms. Bartlett-Rusk's request for remand for consideration of additional evidence is DENIED, and the decision of the Commissioner of Social Security is AFFIRMED.

SO ORDERED.

ENTERED:   March 29, 2007

                                      /s/ Robert L. Miller, Jr.
                                      Chief Judge
                                      United States District Court